UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. CIV-ZLOCH

MAGISTRATE JUDGE
SNOW

LOUIS WELTMAN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, LOUIS WELTMAN ("Weltman"), sues Defendant, COMMISSIONER OF THE INTERNAL REVENUE SERVICE ("Commissioner"), and states:

### INTRODUCTION

1.    Weltman brings this action to contest a penalty being charged against Weltman personally by Commissioner pursuant to Section 6672 of the Internal Revenue Code of 1986, as amended ("Code"), for not collecting, accounting for, or paying employment or excise taxes.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1340, 1346 and 29 U.S.C. § 216(b).

3.    Venue properly lies in the United States District Court for the Southern District of Florida as the acts that form the basis of the claims asserted herein arose in the Southern District of Florida.

## THE PARTIES

4.   Weltman is an individual who resides in Palm Beach County, Florida.

5.   Engineered Medical Concepts & Consulting, Inc. is a Florida corporation doing business in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

6.   A trust fund recovery penalty is being assessed personally against Weltman pursuant to Code Section 6672 as the responsible party on behalf of Engineered Medical Concepts & Consulting, Inc. ("Corporation") for the tax periods ending December 31, 1998, and March 31, 1999.

7.   Weltman is not personally responsible for this penalty under the Code and case law due to the fact that at no time did he have control, financially or otherwise, in the collecting or forwarding of employee withholding.

8.   In order to be personally responsible for the penalty for failure to collect federal employment or excise tax due from the Corporation, Weltman would need to be deemed a "responsible person" and to have "willfully" failed to comply with the Statute. See Fiataruolo v. United States, 8 F.3d 930 (2d CIR 1993). Under Fiataruolo significant control does not necessarily mean that the person must exert absolute authority over the enterprise. The Court set forth a number of determinative factors. Among those are whether the person is an officer and a member of the board of directors, whether he owns shares or possesses an entrepreneurial stake in the company, whether he is active in the management of day to day affairs of the company, whether he has the ability to hire and fire employees, whether he makes decisions regarding which, when and in what order outstanding debts or taxes will be paid, whether he exercises control over daily bank accounts and disbursement records, and whether he has check signing authority.

9. Plaintiff Weltman was not an officer or member of the board of directors, did not own shares or possess an entrepreneurial stake in the company, was not active in the day to day affairs of the company, did not have the ability to hire or fire employees, did not exercise control over daily bank accounts and disbursement records, and had no check signing authority.

10. The Eighth Circuit ruled in the <u>Barton v. United States</u>, 988 F2nd 58 (8th CIR 1993) case that to be liable under Code Section 6672 a person must have significant decision making authority over the corporation's tax matters. Although Weltman was the CEO of another corporation involved in a management agreement with the Corporation, an officer cannot merely be held liable under Section 6672 based on that position alone. Weltman never signed a check and was a signer only on an investment account for which he never wrote a check.

11. In <u>Fiataruolo</u> two men who maintained check signing authority only as project managers, deciding whether to allow money for a co-venture to finance construction jobs, were deemed not to have responsibility as to tax matters. In the case at hand, Weltman only possessed check writing authority for an investment account of the Corporation. Weltman never signed any IRS 941 forms. See <u>Godfrey v. United States</u>, 748 F2d 1568 (1984).

12. Under the Eleventh Circuit definition of wilfulness, Weltman would have had to have had actual knowledge that the taxes were not being paid or was acting with reckless disregard of a known or obvious risk of non-payment. See <u>Malloy v. United States</u>, 17 F3d 329 (1994). Weltman only acted under a management agreement with the Corporation while the taxes were being withheld for a couple of weeks and does not fall within the scope of "wilfulness" required to be liable for the penalty.

WHEREFORE, Plaintiff, Louis Weltman, demands judgment against Defendant, United

States of America, Internal Revenue, declaring Plaintiff is not responsible for the trust fund recovery penalty, plus costs, and such other further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as a matter of right.

ABRAMS ANTON P.A.
2021 Tyler Street/P.O. Box 229010
Hollywood, FL 33022-9010
Phone:      954-921-5500
            305-940-8440
Fax:        954-925-7013

By: _____
MITCHELL D. ADLER
Florida Bar No. 434061

H:\lib\edsi\docs\WELLS\0001\PLDG\D59649.WPD

**CIV-ZLOCH**  MAGISTRATE JUDGE  SNOW

05-60041

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
LOUIS WELTMAN

**DEFENDANTS**
UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  PALM BEACH
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ABRAM ANTON, P.A. (954) 921-5500
2021 Tyler St., Hollywood, Fl 33022

ATTORNEYS (IF KNOWN)
Mitchell D. Adler, Esq.

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / A☐ 535 Death Penalty | | A☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | B☐ 550 Civil Rights / B☐ 555 Prison Condition | | | A OR B |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL  2-3 days  6672 IRC
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  1/4/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 532909  AMOUNT 150.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____