FILED by **GG** D.C.
ELECTRONIC

Dec 14 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Civil No. 05-60041-CIV-ZLOCH

| | |
|---|---|
| LOUIS WELTMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, | ) ) ) |
| Defendant and Counterclaimant, | ) ) |
| v. | ) ) |
| LOUIS WELTMAN; CHARLES S. WRIGHT; and WALTER C. FISHER, | ) ) ) |
| Counterclaim Defendants. | ) |

### FIRST AMENDED ANSWER AND COUNTERCLAIMS

The United States of America, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff Louis Weltman having given his consent, submits its First Amended Answer and Counterclaim and makes the following representations:

1. Admits.

2. Admits that this Court has jurisdiction but denies that plaintiff has properly stated the basis of the Court's jurisdiction.

3. Admits.

4. The United States is without sufficient information to admit or deny the allegations in this paragraph.

5. Plaintiff makes no allegation to which the United States can respond.

6. Admits.

7. Admits.

8. The United States admits that the Court has jurisdiction over this matter and that the plaintiff alleges that the Section 6672 penalties were erroneously assessed and collected. All other allegations are denied.

9. The United States admits that recovery is sought for federal taxes assessed for the tax periods ending December 21, 1998 and March 31, 1999. The United States is without sufficient information to admit or deny the remaining allegations in this paragraph.

10. The United States is without sufficient information to admit or deny the allegations in this paragraph.

11. Admits.

12. The United States admits that the plaintiff has filed a Notice of Filing of Plaintiff's Bond but denies that said bond is for one and one-half (1 ½) times the assessed liability.

13. The United States is without sufficient information to admit or deny whether the plaintiff has satisfied these requirements.

14. Denies.

15. Admits.

16. Denies.

17. Plaintiff makes no factual allegation to which the United States can respond.

18. Denies.

19. To the extent the plaintiff makes factual assertions rather than legal arguments, the United States is without sufficient information to admit or deny the allegations in this paragraph.

2

20.  To the extent the plaintiff makes factual assertions rather than legal arguments, the United States is without sufficient information to admit or deny the allegations in this paragraph.

21.  To the extent the plaintiff makes factual assertions rather than legal arguments, the United States denies the allegations in this paragraph.

WHEREFORE, the United States respectfully requests that the Court deny the relief requested by the plaintiff in his Second Amended Complaint and that the United States be awarded such other relief as is just and appropriate, including costs and attorneys' fees.

COUNTERCLAIMS

**GENERAL ALLEGATIONS**

1.  These counterclaims are brought by the United States of America to reduce to judgment the outstanding federal tax liabilities of plaintiff Louis Weltman, and additional defendants on counterclaim, Walter Fisher and Charles Wright.

2.  These counterclaims have been authorized and requested by a duly designated delegate of the Secretary of the Treasury of the United States, and are brought upon the direction of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401.

3.  The additional defendants on counterclaims, Walter Fisher and Charles Wright, are joined in this action pursuant to Fed. R. Civ. P. 13(h) and Fed. R. Civ. P. 20.

4.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1346(c), and 26 U.S.C. § 7402.

5.  All defendants were officers in Engineered Medical Concepts & Consulting, Inc.

6.  Counterclaim defendant Louis Weltman operated, conducted, engaged in, or carried on a business or business venture in the State of Florida, subjecting him to the jurisdiction of this

Court. Upon information and belief, Weltman resides at 3205 NW 62nd Street, Boca Raton, Florida 33496, within the jurisdiction of this Court.

7. Counterclaim defendant Walter Fisher operated, conducted, engaged in, or carried on a business or business venture in the State of Florida, subjecting him to the jurisdiction of this Court.

8. Counterclaim defendant Charles Wright operated, conducted, engaged in, or carried on a business or business venture in the State of Florida, subjecting him to the jurisdiction of this Court.

## COUNT I

### Louis Weltman is liable under 26 U.S.C. § 6672 for unpaid federal employment tax liabilities of Engineered Medical Concepts & Consulting, Inc.

9. The United States incorporates by reference the allegations contained in paragraphs 1 through 8 of this counterclaim as if fully and separately restated herein.

10. During the fourth quarter of 1998 and the first quarter of 1999, counterclaim defendant Louis Weltman was a person required to collect, truthfully account for, and pay over the federal employment taxes of Engineered Medical Concepts & Consulting, Inc.

11. During the fourth quarter of 1998 and the first quarter of 1999, Louis Weltman willfully failed to collect, truthfully account for, and pay over the federal employment taxes of Engineered Medical Concepts & Consulting, Inc.

12. On or about November 26, 2001, pursuant to 26 U.S.C. §§ 6671 and 6672, a delegate of the Secretary of the Treasury made assessments against Louis Weltman for the trust fund portion of the unpaid federal employment taxes of Engineered Medical Concepts & Consulting,

Inc. for the fourth quarter of 1998 and the first quarter of 1999.

13.  Although notice has been given and demand for payment of these assessments has been made, Louis Weltman remains indebted to the United States for the outstanding unpaid balance of this assessment, $21,573.58 as of December 15, 2005, plus statutory interest accruing thereafter, which Weltman has refused and neglected to pay.

## COUNT II

### Walter C. Fisher is liable under 26 U.S.C. § 6672 for unpaid federal employment tax liabilities of Engineered Medical Concepts & Consulting, Inc.

14.  The United States incorporates by reference the allegations contained in paragraphs 1 through 13 of this counterclaim as if fully and separately restated herein.

15.  During the fourth quarter of 1998 and the first quarter of 1999, counterclaim defendant Walter C. Fisher was a person required to collect, truthfully account for, and pay over the federal employment taxes of Engineered Medical Concepts & Consulting, Inc.

16.  During the fourth quarter of 1998 and the first quarter of 1999, Walter C. Fisher willfully failed to collect, truthfully account for, and pay over the federal employment taxes of Engineered Medical Concepts & Consulting, Inc.

17.  On or about September 2, 2002, pursuant to 26 U.S.C. §§ 6671 and 6672, a delegate of the Secretary of the Treasury made assessments against Walter C. Fisher for the trust fund portion of the unpaid federal employment taxes of Engineered Medical Concepts & Consulting, Inc. for the fourth quarter of 1998 and the first quarter of 1999.

18.  Although notice has been given and demand for payment of these assessment has been made, Walter C. Fisher remains indebted to the United States for the outstanding unpaid

balance of this assessment, $19,169.02 as of December 15, 2005, plus statutory interest thereafter, which Fisher has refused and neglected to pay.

## COUNT III

### Charles S. Wright is liable under 26 U.S.C. § 6672 for unpaid federal employment tax liabilities of Engineered Medical Concepts & Consulting, Inc.

19. The United States incorporates by reference the allegations contained in paragraphs 1 through 18 of this counterclaim as if fully and separately restated herein.

20. During the fourth quarter of 1998 and the first quarter of 1999, counterclaim defendant Charles S. Wright was a person required to collect, truthfully account for, and pay over the federal employment taxes of Engineered Medical Concepts & Consulting, Inc.

21. During the fourth quarter of 1998 and the first quarter of 1999, Charles S. Wright willfully failed to collect, truthfully account for, and pay over the federal employment taxes of Engineered Medical Concepts & Consulting, Inc.

22. On or about October 29, 2001, pursuant to 26 U.S.C. §§ 6671 and 6672, a delegate of the Secretary of the Treasury made assessments against Charles S. Wright for the trust fund portion of the unpaid federal employment taxes of Engineered Medical Concepts & Consulting, Inc. for the fourth quarter of 1998 and the first quarter of 1999.

23. Although notice has been given and demand for payment of these assessments has been made, Charles S. Wright remains indebted to the United States for the outstanding unpaid balance of this assessment, $21,893.67 as of December 15, 2005, plus statutory interest accruing thereafter, which Wright has refused and neglected to pay.

WHEREFORE, the United States of America prays for the following relief:

a. That this Court order, adjudge and decree that plaintiff and counterclaim defendant, Louis Weltman, is indebted to the United States of America for the unpaid federal tax liability in the total amount of $21,573.58, plus statutory interest from the dates of assessment until full payment;

b. That this Court order, adjudge and decree that counterclaim defendant, Walter C. Fisher, is indebted to the United States of America for the unpaid federal tax liability in the total amount of $19,169.02, plus statutory interest from the dates of assessment until full payment;

c. That this Court order, adjudge and decree that counterclaim defendant, Charles S. Wright, is indebted to the United States of America for the unpaid federal tax liability in the total amount of $21,893.67, plus statutory interest from the dates of assessment until full payment; and,

    d.  That the United States of America be granted such other relief as justice requires.

                      R. ALEXANDER ACOSTA
                      United States Attorney


                      _/s/ Richard D. Euliss_
                      RICHARD D. EULISS
                      Trial Attorney, Tax Division
                      U.S. Department of Justice
                      Post Office Box 14198
                      Ben Franklin Station
                      Washington, D.C.  20044
                      Telephone: (202) 544-5915

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing First Amended Answer and Counterclaims has this 14th day of December, 2005 been made pursuant to Rule 5 of the Federal Rules of Civil Procedure, by depositing a copy thereof in the United States mail, by first class postage prepaid, addressed to the following:

>Mitchell D. Adler
>Alan B. Cohn
>Greenspoon Marder Hirschfeld
>Rafkin Ross Berger & Abrams
>Anton, P.A.
>2021 Tyler Street
>Hollywood, FL 33022-9010

>  /s/ Richard D. Euliss
>RICHARD D. EULISS
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 14198
>Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 544-5915